## Commonwealth v. Hoffman

*Thomas A. Marino, assistant district attorney,* for the Commonwealth.

*Anne Saunders,* for defendant.

BROWN, *J.,* July 9, 1990—Presently before the court is defendant's motion to dismiss the charge filed at no. 90-10, 348. Defendant was charged with unsworn falsification under 18 Pa.C.S. §4904 as a result of the fact that in completing an application for accelerated rehabilitative disposition he left blank the section entitled "Prior Criminal History" when, in fact, defendant had previously been arrested and convicted for illegal entry and, in a separate case, for child abuse.

Section 4904 provides, in pertinent part:

"§4904. *Unsworn falsification to authorities*

"(a) *In general*—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

"(1) makes any written false statement which he does not believe to be true; . . .

"(b) *Statements 'under penalty'*—A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." 18 Pa.C.S. §4904.[1]

Defendant contends, in his motion to dismiss, that he cannot be charged under this statute as an omission is not a "written statement." This contention is without merit.

---

1. Both (a)(1) and (b) are quoted since the information is unclear as to which subsection is being invoked. For purposes of the instant motion, however, it is not important.

Defendant concedes that had he written "none" in the prior criminal history section, that would constitute a violation of the statute. The court finds no valid distinction between leaving the section blank and entering the word "none."[2] The instructions for completing the prior criminal history section state that "[t]his section *must include* any/all arrests and/or convictions. . . ." (emphasis added) The most logical reasonable interpretation a reader would give to a blank space following such instructions is that there were no arrests and/or convictions. The fact that the word "none" is left to be inferred by the reader, rather than actually written by the applicant, should not put the applicant beyond the reach of the statute in light of the statute's obvious purpose of encouraging truthfulness in the instances addressed. Defendant was, therefore, properly charged under section 4904.

Accordingly, the following will be entered.

## ORDER

And now, July 9, 1990, defendant's motion to dismiss is hereby denied.

---

2. If at trial defendant contends that the omission was inadvertent and thus that the requisite intent to mislead is lacking, that would be a question for the jury.